UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODLAND PARK PROPERTY OWNER LLC,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON NAZERI,<br><br>Defendant. | Case No. 19-cv-00182-HSG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2, 5, 6 |

Cameron Nazermoussavi[1], self-representing, has filed a notice of removal, Dkt. No. 1, and a request for a temporary restraining order, Dkt. No. 5. Cameron Nazermoussavi seeks leave to proceed in forma pauperis. Dkt. No. 2. For the following reasons, the Court **DENIES** the request for a temporary restraining order, and **DENIES** the request to proceed in forma pauperis.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Pending before the Court is the motion to proceed in forma pauperis. Dkt. No. 2. The Court denies the motion without prejudice.

Cameron Nazermoussavi filed the IFP motion on January 10, 2019. *Id.* In the motion, Movant Nazermoussavi fails to answer the applicable questions with sufficient detail to permit the Court to evaluate Movant's ability to pay the filing fees under 28 U.S.C. § 1915. Movant claims that all of Movant's assets are "held in trust." Dkt. No. 2 at 3. Movant discloses no other source of income. *Id.* at 1–2. Movant does not explain how Movant is able to pay her expenses, which total an estimated $3,700 per month. *Id.* at 3. Without this information, the Court cannot evaluate whether Movant is financially able to pay the filing fee.

---

[1] Though the caption in the underlying action identifies a Camero Nazeri, Movant's papers consistently use the name Cameron Ahad Nazermoussavi. *See, e.g.,* Dkt. No. 6-1.

Accordingly, the Court **DENIES** without prejudice the request to proceed in forma pauperis. Movant may file a renewed motion to proceed in forma pauperis within 30 days of the date of this Order. In a renewed motion, Movant must reasonably and truthfully answer all applicable questions, including those that require Movant to indicate sources of income, expenses and liabilities. If Movant fails to file a renewed motion to proceed in forma pauperis within 30 days, the Court will dismiss the action without prejudice. In the alternative, Movant may choose instead to pay the filing fee rather than submit a renewed motion to proceed in forma pauperis.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

Based on Movant's multiple filings, the Court construes Movant's request as a motion for a temporary restraining order enjoining Woodland Park Property Owner, LLC and the San Mateo Sherriff Department from evicting Movant pursuant to a San Mateo County Superior Court order issued on January 10, 2019. *See* Dkt. No. 6 at 5; Dkt. No. 5; Dkt. No. 7.

### A. Legal Standard

The standards for issuing a TRO and preliminary injunction are the same. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2, (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits

decreases." *Big Country Foods, Inc. v. Board of Educ. of the Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." *See id.*

**B. Discussion**

The Court DENIES Movant's application for a temporary restraining order. Movant has failed to meet the requisite standards warranting such extraordinary relief. Movant fails to provide any legal or factual basis for the request that the Court set aside the San Mateo Superior Court order of eviction.

Accordingly, the Court **DENIES** Movant's request for a TRO. Docket Number 6 is terminated as moot.

**IT IS SO ORDERED.**

Dated: 1/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge